IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULRICH ROMARIC KOCOU FIOSSI, | § § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-3469-G-BW |
| | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received from Ulrich Romaric Kocou Fiossi on December 18, 2025.  (Dkt. No. 4.)  Based on the relevant filings and applicable law, the Court should **DENY** the application and **DISMISS** this case without prejudice unless Fiossi pays the $405 filing fee within 14 days of the date this recommendation is accepted, or by some other deadline established by the Court.

**I. LEGAL STANDARDS AND ANALYSIS**

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when he submits an affidavit establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship."  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  To determine whether the payment of fees would cause undue

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* In addition to requiring an applicant to complete a financial affidavit in support of his request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022).

Here, Fiossi's IFP application indicates that his and his spouse's total average monthly income during the past 12 months was $2,100 from self-employment; their total expected monthly income for January 2026 is $2,390 from self-employment. (Dkt. No. 4 at 1.) Regarding his and his spouse's employment history, Fiossi reports that he receives a gross monthly pay of $1,800 from his employer, Rentomotors, and his spouse receives a gross monthly pay of $6,200 from her employer, Addison Hair Salon; it is not clear from the IFP application whether his or his spouse's employment is current, as Fiossi identifies only one date of employment for their respective employers. (*See id.* at 2.) He reports that he and his spouse have $100 in cash and a combined $330 in checking accounts. (*See id.*) He also reports a total of $5,900 in monthly "[r]egular expenses for operation of business, profession, or farm[.]" (*Id.* at 5.)

Based on the information provided, the Court should find that Fiossi has failed to show that payment of the $405 filing fee would cause him undue financial hardship. For the 12 months preceding the filing of his IFP application, Fiossi's self-

reported monthly household income for him and his spouse was $2,100, which nets a yearly household income of $25,200. (*See id.* at 1-2.) This amount alone is above the federal poverty guideline for a household of two. *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2024) (setting an annual income of $20,440 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia). Considering his and his spouse's reported gross monthly pay from Rentomotors and Addison Hair Salon, respectively, their combined gross yearly income is $96,000, which is well above the federal poverty guideline for a household of two. *See id.*

Additionally, although Fiossi listed monthly "[r]egular expenses for operation of business, profession, or farm" totaling $5,900, he fails to attach a detailed statement as instructed, and he otherwise provides no explanation of the purported expenses. (Dkt. No. 4 at 5.) Said expenses therefore appear to be discretionary or excessive, especially because despite this reported sum of $5,900 per month for operational expenses, Fiossi then reports total monthly expenses of $0 for both him and his wife. *See, e.g.*, *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"). Accordingly, the Court should deny Fiossi's IFP application.

## II.  RECOMMENDATION

The Court should **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received on December 18, 2025

3

(Dkt. No. 4), and **DISMISS** this case without prejudice unless Fiossi pays the $405 filing fee within 14 days of the date this recommendation is accepted, or by some other deadline established by the Court.

       **SO RECOMMENDED** on January 16, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).